FILED
United States Court of Appeals
Tenth Circuit

August 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PAUL DAVID MITCHELL, II,

     Defendant - Appellant.

No. 17-5056
(D.C. No. 4:16-CR-00150-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

     After entering into a plea agreement that included an appeal waiver, Paul David Mitchell, II, pleaded guilty to bank robbery, interference with interstate commerce, and firearm offenses. Although the parties agreed to a 28-year sentence, Mitchell acknowledged in the agreement that he waived the right to appeal any sentence below the statutory maximum. The district court sentenced him to 28 years' imprisonment, which was below the statutory maximum. Despite the waiver, Mitchell has filed a notice of appeal to challenge the sentence. Dktg. Stmt. at 3. The

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, Mitchell's counsel says he "cannot claim any legally viable basis that the government's [motion to enforce] should be denied." Resp. at 4.

This court gave Mitchell an opportunity to file a pro se response to the motion to enforce. There has been no response.

We have reviewed the motion to enforce and the record and conclude that Mitchell's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors to consider when determining whether to enforce an appellate waiver).

We grant the motion to enforce the appeal waiver and dismiss the appeal.


Entered for the Court
Per Curiam